■ In the Matter of INCORPORATED VILLAGE OF VALLEY STREAM et al., Petitioners, v. FRANKLIN BEAR et al., Constituting the Nassau County Planning Commission, Respondents.— Proceeding pursuant to article 78 of the CPLR to annul a determination of the Nassau County Planning Commission, which disapproved, pursuant to section 1608 of the Nassau County Government Law, an amendment to the Building Zone Ordinance of the Village of Valley Stream, duly adopted by the Trustees of said village. By order of the Supreme Court, Nassau County, entered April 26, 1965, the proceeding has been transferred to this court for disposition. Determination annulled on the law, with costs to petitioners jointly. The crux of this appeal is the scope of authority of the Nassau County Planning Commission in marginal zoning cases pursuant to section 1608 of the Nassau County Government Law. New York City, which owns the subject property and formerly used it as part of its Long Island watershed area, entered into an agreement with the Village of Valley Stream whereby the village released its permanent surface park easement in return for a 40% share of the proceeds of a contemplated sale. On October 5, 1964 the Village Board of Trustees adopted a resolution changing the zoning for these nine acres from " P ", park to " C-2 ", commercial. On October 19, 1964 the city and the village signed their agreement. At the city's auction sale, held December 15, 1964, petitioners Elias and Serota bought the property. The Nassau County Planning Commission held a hearing on February 16, and on February 18, 1965 disapproved the zoning change, essentially on the ground that Nassau County might have a future need for the 62 wells asserting that they could produce five million gallons of potable water per day on an interim basis. The village records show that a notice of adoption of the zoning change was mailed to the Planning Commission on October 8, 1964 and the secretary to the Village Clerk deposed that she had in fact mailed such a notice. The Planning Commission, to the contrary, and through oral testimony of its chief planner, Arthur Kunz, claimed it first received notice of said change on January 21, 1965. Mr. Kunz conceded that the property was useless for park purposes. Section 1608 of the Nassau County Government Law provides in pertinent part: " No zoning * * * amendment * * * passed by any * * * village within the county * * * relating to any portion of the said * * * village within three hundred feet of a town boundary or of a line between a village and the unincorporated area of the town shall take effect in respect to such portion of said * * * village until the * * * amendment has been submitted to the county planning commission and been approved thereby. * * * The * * * amendment shall be deemed to have been approved unless within thirty days after the same has been filed with the county planning commission * * *, a resolution disapproving it is adopted ". The Planning Commission does not have the power pursuant to this section to interfere with zoning by a village except to keep the village zoning harmonious insofar as may be practicable with the zoning of the bordering lands in adjacent civil divisions (*Matter of Incorporated Vil. of Farmingdale v. Inglis*, 17 A D 2d 655). If more power had been intended, i.e., the power to upset village zoning in contravention of a general county purpose, such as the use of land for water supply, the Planning Commission would have been given authority over all lands in the county and not just the limited marginal areas defined in section 1608 of the Nassau County Government Law. The village ordinance is not out of harmony with that of any adjacent municipality and no one claims it. Nor does the record establish

that the county has any immediate plan to acquire this land for a public use. Nothing more has been expressed than a possible future interest. Indeed, in the record there is a disclaimer by the Nassau Commissioner of Public Works of interest in the subject property for water supply purposes. In this case the Planning Commission's disapproval of the zoning change was void and of no effect. There was no efficacious "resolution disapproving" the change within the statutorily required 30-day period with the result in this case that the zoning change is now "deemed to have been approved". We have considered the many other issues raised in this proceeding and find it unnecessary to pass on them since they would not affect the outcome of this determination. Christ, Acting P. J., Brennan, Hill, Rabin and Benjamin, JJ., concur.